UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NYKAZA GEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-452 JM |
| v. | ) |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, et al. | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Nykaza Gee, a *pro se* prisoner, filed a complaint (DE # 1) pursuant to 42 U.S.C. § 1983 alleging that he was sexually assaulted by Officer Eric Parrish, Sergeant Ken Young and numerous other unidentified inmates on November 10, 2014, at the Indiana State Prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

While the details are a bit confusing, Gee, an inmate at the Indiana State Prison, does allege that on November 10, 2014, Sergeant Young raped him in cell B-420 North. He further alleges that Sergeant Young left Gee in the cell naked and shackled to a bed alone with Officer Parrish, and that Officer Parrish then proceeded to masturbate in Gee's presence. According to Gee, at some point, Officer Parrish got into a physical altercation with Gee and several offenders assisted Officer Parrish in subduing Gee. While Gee was being held down by other offenders, Officer Parrish sexually assaulted him by ramming his finger into Gee's rectum. Gee alleges that Officer Parrish then passed out gloves to between fifteen (15) and (25) unidentified inmates and allowed them to sexually abuse Gee by inserting their fingers into Gee's rectum. Gee alleges that Sergeant Ken Young and Officer Eric Parrish engaged in this behavior to obtain sexual arousal or gratification.

"An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). In *Washington* the plaintiff alleged that "while patting him down the guard spent five to seven seconds gratuitously fondling the plaintiff's testicles and penis through the plaintiff's clothing and then while strip searching him fondled his nude testicles for two or three seconds." *Id.* at 642. The court explained this stated a claim because, "[w]e don't see how the defendant's conduct if

correctly described by the plaintiff could be thought a proper incident of a pat down or search . . ..ˮ *Id.* at 644.

Though many of the details Gee has provided are vague, giving Gee the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against Sergeant Ken Young and Officer Eric Parrish for sexually assaulting him on November 10, 2014.

Next, Gee sues Officer Parrish for failing to protect him against being sexually assaulted by other inmates. Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). However, "[p]risons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991). Therefore, when an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer*, 511 U.S. at 837. Here, Gee has alleges that Officer Parrish condoned the inmates' attack on him. That is enough to proceed at this stage.

Next, Gee has brought suit for money damages against the Indiana Department of Corrections alleging a violation of his Eighth Amendment rights. However, the IDOC

is not a proper defendant here. "[T]he Eleventh Amendment prohibits a suit in federal court in which the State or one of its agencies or departments is named as the defendant." *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Since the IDOC is a state agency, it will be dismissed.

Finally, as a practical matter, Gee's case cannot proceed against any of the unnamed inmates. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

For the foregoing reasons, the court:

(1) **GRANTS** Nykaza Gee leave to proceed against Sergeant Ken Young in his individual capacity for compensatory and punitive damages for sexually assaulting him on November 10, 2014, in violation of the Eighth Amendment;

(2) **GRANTS** Nykaza Gee leave to proceed against Officer Eric Parrish in his individual capacity for compensatory and punitive damages for sexually assaulting him on November 10, 2014, in violation of the Eighth Amendment;

(3) **GRANTS** Nykaza Gee leave to proceed against Officer Eric Parrish in his individual capacity for compensatory and punitive damages for allowing inmates to sexually assault him on November 10, 2014, in violation of the Eighth Amendment;

(4) **DISMISSES** all other claims;

(5) **DISMISSES** the Indiana Department of Corrections and the unnamed inmates;

(6) **DIRECTS** the clerk to transmit the summons and USM-285 forms for Sergeant Ken Young and Officer Eric Parrish to the United States Marshals Service along with a copy of the complaint (DE # 1) and this order;

(7) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sergeant Ken Young and Officer Eric Parrish; and

(8) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sergeant Ken Young and Officer Eric Parrish respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: January 26, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT