**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **NYKAZA GEE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:15-cv-452-JTM-CAN** |
| | ) | |
| **KEN YOUNG and ERIC PARRISH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Ken Young and Eric Parrish, by counsel, respectfully submit this Memorandum in Support of their Motion for Summary Judgment.

### I. Introduction

Plaintiff Nykaza Gee (# 127839) is an offender in the Indiana Department of Correction ("DOC"), and filed this action pursuant to 42 U.S.C. § 1983 alleging constitutional and state law violations. The Court, pursuant to a screening Order dated January 26, 2016, permitted Eighth Amendment claims to proceed against Defendants. (ECF 5). Plaintiff alleges that he was sexually assaulted by Defendants and numerous other unidentified inmates on November 10, 2014, at the Indiana State Prison. The complaint was screened by the Court on January 13, 2016. (ECF 7).

Plaintiff's claims are barred because he failed to exhaust the administrative process. More specifically, Plaintiff failed to submit any grievance related to the allegations in his Complaint. (*See* **Attachment B -** History of Grievances for Offender). Under DOC policy, offenders wishing to file a grievance must submit a

completed grievance form. (Long Decl. ¶ 16). Under the applicable procedures of DOC that have been in place since December 1, 2005, offenders can grieve actions of individual staff. (Long Decl. ¶ 9). Before filing a grievance, an offender is required to attempt to resolve a complaint informally. An offender wanting to file a formal grievance shall submit a completed State Form 45471, "Offender Grievance," no later than (20) business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. (*See* **Attachment A -** IDOC Policy and Administrative Procedures Manual Number 00-02-301, Effective Date Effective Date 01/01/2010, p. 16). The Offender Grievance Specialist has fifteen (15) business days from the date that the grievance is received to complete an investigation and provide a response to the offender, unless the time has been extended. (*Id.* at p. 19). The offender shall be permitted to appeal the response to the Department Offender Grievance Manager if the offender disagrees with the formal response at the institution level. The right to appeal is absolute and the offender shall not be told otherwise or asked to waive this right. The formal appeal is a second level of review that affords greater authority to review the facility response and fashion a remedy. Exhaustion of the grievance procedure requires pursuing an appeal to the final step. (*Id.* at pp. 20-22).

Plaintiff failed to follow the DOC's grievance procedures regarding the allegations in his Complaint. (Long Decl.¶ 20-24; *see generally* **Attachments A** and **B**). Plaintiff failed to submit *any* grievance regarding the allegations in this matter (emphasis added). This failure to submit did not afford a greater authority to review

any appropriate facility response and fashion a remedy through the required grievance process. Because of Plaintiff's failure to complete the grievance process, Plaintiff failed to exhaust his available administrative remedies in accordance with DOC procedures before filing this lawsuit. (Long Decl. ¶ 21-24). Therefore, Defendants move the Court to enter judgment in their favor, and to dismiss all claims for Plaintiff's failure to exhaust administrative remedies, pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.

## II. Statement of Material Facts Not In Dispute

The record in this case, the sworn affidavits and exhibits filed with Defendants' Motion for Summary Judgment, and Plaintiff's Complaint and exhibits thereto, show the following undisputed material facts ("Facts"):

1. Plaintiff was incarcerated at the Indiana State Penitentiary ("ISP") in Michigan City, IN on the date of the alleged incident. (ECF 1).
2. Vickie Long, an Offender Grievance Specialist at ISP, is familiar with the grievance procedure followed at ISP and the rules and regulations of DOC regarding grievances. (Long Decl. ¶ 3).
3. Vickie Long's familiarity with the grievance process, computer programs, and forms at CIF allows her to determine what grievances an offender has filed. (Stafford Decl. ¶¶ 3–5).
4. There is a grievance program in place at ISP which was in place while Plaintiff was incarcerated there and during the time that Plaintiff alleges that his rights were violated. (Long Decl. ¶ 7).

5. IDOC Policy and Administrative Procedures Manual Number 00-02-301, Effective Date 01/01/2010, Offender Grievance Process, is the DOC policy governing the grievance process and how an offender can exhaust his administrative remedies using that process. (Long Decl. ¶ 8).
6. Offenders can grieve matters that involve actions of individual staff under the grievance program at ISP. (Long Decl. ¶ 9).
7. The grievance process begins with the first step of the offender attempting to resolve his complaint informally by contacting an appropriate staff member within five (5) working days of the complained-of incident. (Long Decl. ¶ 10).
8. If an offender cannot resolve his grievance informally, he can proceed to the Level I formal grievance process. Once an adequate grievance form is received, the executive assistant logs the grievance and assigns a case number. If the grievance is not resolved in a manner that satisfies the offender, the offender may pursue the issue by filing an appeal to DOC's Grievance Manager. (Long Decl. ¶¶ 11-13).
9. DOC records indicate that Offender Gee has failed to exhaust the grievance process. Offender Gee has failed to submit any grievances related to the incident alleged in his Complaint. (Long Decl. ¶¶ 20-21; *see also* **Attachment B** – History of Grievances for Offender. ).
10. Plaintiff failed to exhaust the grievance procedure. Plaintiff did not resubmit any grievances related to the incident alleged in his Complaint. This failure to submit also did not afford a greater authority to review any appropriate

facility response and fashion a remedy. As a result, Plaintiff failed to exhaust his available administrative remedies in accordance with DOC procedures before filing this lawsuit. (Long Decl. ¶¶ 21–24).

### III. Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure allows a party to move for summary judgment if he can demonstrate to the court that there is no genuine issue of material fact and that the moving party is entitled to judgment in his favor as a matter of law. Fed. R. Civ. P. 56(a). "The primary purpose of summary judgment is to isolate and dispose of factually unsupported claims." *Albiero v. City of Kankakee,* 246 F.3d 927, 932 (7th Cir. 2001). "As stated by the Supreme Court, summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1103 (7th Cir. 2008) (citations omitted). The substantive law underlying the claim defines which facts are material, and the Court should only refrain from granting the motion when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).

## IV. Analysis

Summary judgment is appropriate because Plaintiff failed to exhaust all available administrative remedies before filing this lawsuit. Therefore, Plaintiff's claims are barred and Defendant is entitled to dismissal of the claims against her.

The Prison Litigation Reform Act ("PLRA") was enacted to allow prison officials an opportunity to informally resolve disputes that inmates may have before they are brought into court, and was intended to "reduce the quantity and improve the quality of prisoner suits." *Woodford v. Ngo*, 548 U.S. 81, 94 (2006) (*quoting Porter v. Nussle*, 534 U.S. 516, 524 (2002)). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Further, "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes,

and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

Prisoners are required to properly exhaust all available administrative remedies before filing a lawsuit relating to prison conditions. *Woodford,* 548 U.S. at 93. This demands compliance with an agency's deadlines and procedural rules. *Id.* at 90. A prisoner who fails to take each step in the process has failed to exhaust and cannot bring suit. *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id.* Exhaustion is mandatory under the PLRA, and unexhausted claims, even those alleging excessive force by staff, cannot be brought in court. *Porter*, 534 U.S. at 532; *see also Jones v. Bock,* 549 U.S. 199, 204 (2007).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Pozo*, 286 F.3d at 1025. If the prisoner fails to properly use the prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809. For an offender to properly exhaust, he must comply with a prison's deadlines and other procedural rules. *Woodford*, 548 U.S. at 90–91.

The undisputed evidence demonstrates that there is an offender grievance program in place at ISP, as required by DOC policy. (Facts, ¶ 4). The requirements of the grievance process are clear: the offender has an informal and two formal steps that he must take to exhaust his administrative remedies. (Facts, ¶¶ 7-8). This

grievance program was in place at ISP during the time Plaintiff alleges that his constitutional rights were violated. (Facts, ¶¶ 1, 4). Complaints that involve actions of individual staff, like the actions of individual staff alleged in Plaintiff's Complaint, are issues that may be grieved. (Facts, ¶ 6). Plaintiff failed to submit any grievance related to the incident alleged in his Complaint. This failure to submit also did not afford a greater authority to review any appropriate facility response and fashion a remedy. (Facts, ¶¶ 10-11). The Declaration of Vickie Long and supporting exhibits demonstrate that Plaintiff failed to exhaust his available administrative remedies in accordance with DOC procedures prior to filing this lawsuit. (*See generally* Long Decl.). Based on a review of Plaintiff's grievance history, or in this case, the lack thereof, it is clear that Plaintiff failed to exhaust the grievance procedure which requires completion of the grievance process to the final step. Plaintiff failed to submit any grievance in compliance with DOC procedures, and thus has failed to exhaust the administrative remedies available to him within ISP and DOC. (Facts ¶¶ 9-10). Plaintiff has not exhausted his administrative remedies and thus his suit arising through 42 U.S.C. § 1983 is barred.

## V. Conclusion

For the above reasons, Defendants respectfully move the Court to grant summary judgment in their favor and against Plaintiff, to dismiss all claims against them, and to grant all other relief deemed just and proper by the Court.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana
Attorney No. 1958-98

Date: August 18, 2016

By: /s/ Philip A. Gordon
Philip A. Gordon, Atty No. 31321-49
Deputy Attorney General
OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South-5th Floor
302 West Washington Street
Indianapolis, IN 46204
Telephone: (317) 232-6217
Fax: (317) 232-7979
E-mail: Philip.Gordon@atg.in.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2016, I electronically filed the foregoing *Memorandum* with the Clerk of the Court using the CM/ECF system. I further certify that I have mailed the foregoing by United States Postal Service, postage prepaid and properly addressed, to the following non CM/ECF participants:

Nykaza Gee
DOC #127839
Indiana State Prison
One Park Row
Michigan City, IN 46360

By: s/ *Philip A. Gordon*
Philip A. Gordon
Deputy Attorney General
*Counsel on behalf of Defendants*

OFFICE OF INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6217
Fax: (317) 232-7979
Email: Philip.Gordon@atg.in.gov