**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| **NYKAZA GEE** | | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 3:15-cv-00452-JTM-CAN** |
| **KEN YOUNG and ERIC PARRISH,** | ) | |
| **Defendant.** | ) | |

**DECLARATION OF GRIEVANCE SPECIALIST**

The undersigned, Vickie Long, declares the following pursuant to 28 U.S.C. § 1746:

1. I am Vickie Long, Department of Correction Correctional Counselor Administrative Services/Grievances at the Indiana State Penitentiary (ISP) in Michigan City, IN.
2. I am an adult competent to testify in the following matters, based on my personal knowledge and review of official records maintained by the Indiana Department of Correction ("IDOC") and ISP.
3. Because I am a Grievance Specialist at ISP, I am familiar with the rules and regulations of the IDOC, the grievance procedures followed at ISP, and the actions taken or available to be taken in response to the filing of grievances at ISP.
4. As a Grievance Specialist at ISP, I participate in the grievance process and I have access to: (1) the files in which copies of offender grievances are

maintained ("offender packets"), and (2) the computer records containing the records of offender grievances filed ("OGRE"), and (3) the IDOC's Offender Information System ("OIS"), which is a computer records of information relating to offenders who have been committed to the IDOC.

5. The OIS, OGRE, and offender packets are regular records kept by the IDOC and relied upon by the IDOC in the daily course of its operations.

6. My review of OIS records maintained by the IDOC indicates that Offender Nykaza Gee (# 127839) was incarcerated at ISP during the incident alleged in his complaint.

7. As required under IDOC policy, there is an offender grievance program in place at ISP. The applicable grievance program has been in place since 2005. The program is intended to promote prompt and effective resolution of a broad range of issues or complaints offenders may have.

8. IDOC Policy and Administrative Procedure 00-02-301, Offender Grievance Process (Effective Date 01/01/2010), was the DOC policy governing the grievance process at the time of Offender Gee's alleged incident. The IDOC policy provides how an offender can exhaust his administrative remedies using that process. A true and accurate copy of Administrative Procedure 00-02-301 is attached as **Attachment A**.

9. Under the applicable procedures of the IDOC that have been in place since December 1, 2005, offenders can grieve actions of individual staff.

10. The offender shall attempt to contact the Offender Grievance Specialist, Casework Manager, Caseworker, or Unit Team member within five (5) business days from the date of the incident to obtain a State Form 52897, "OFFENDER COMPLAINT-INFORMAL PROCESS LEVEL." The offender must attempt to resolve the problem or complaint with the staff in question within five (5) business days from the date of receiving the State Form 52897 from the Offender Grievance Specialist, Casework Manager, Caseworker, or Unit Team member.

11. If an offender cannot resolve his grievance informally, he can proceed to the Level I formal grievance process. Once an adequate grievance form is received, the executive assistant logs the grievance and assigns a case number. An offender must file a Level I formal grievance within twenty (20) business days from the day of the incident that is the subject of the grievance.

12. If within seven (7) working days after submitting a grievance an offender does not receive either a receipt indicating the grievance was received, or a form explaining that his grievance was rejected, the offender is required to immediately notify the Offender Grievance Specialist.

13. If the offender is dissatisfied with the Formal Grievance level response after receiving notification of the response, he/she may note the dissatisfaction to the response on the Formal Grievance Form and document with the Offender Grievance Specialist that he/she wants to proceed to the next level which would be to appeal to the Department Offender Grievance Manager.

If the offender does not wish to include any additional information in the formal grievance appeal, all information shall be scanned and submitted within one (1) business day to the Department Offender Grievance Manager. If the offender wishes to submit additional information in the formal grievance, he/she has five (5) business days from the date of the notification of the formal grievance response to submit the additional information to the Offender Grievance Specialist.

14. The formal appeal is a second level of review that affords greater authority to review the facility response and fashion a remedy. The response given in the Level II Appeal is reviewed and responded to by the final reviewing authorities in the IDOC's Central Office.

15. Exhaustion of the grievance procedure requires pursuing an appeal to the final step.

16. Under DOC policy, offenders wishing to file a grievance must submit a completed grievance form relating to one event or issue, and separate grievances would have to be filed to complain of actions taken by staff at different facilities and on different days.

17. The computer records and hard copy files would indicate when an offender filed a grievance, the responses he received and any direction, how far through the grievance process he pursued his claims, and the ultimate resolution of the claims.

18. I am aware that Offender Gee has filed a Complaint against Ken Young and Eric Parish in the above referenced matter.

19. The IDOC keeps records on every informal grievance, formal grievance, and formal appeal filed by an offender.

20. I have examined the above mentioned records to determine whether Offender Gee has exhausted the grievance process.

21. DOC records indicate that Offender Gee has failed to exhaust the grievance process. Offender Gee has failed to submit any grievances related to the incident alleged in his Complaint. *See* **Attachment B** – History of Grievances for Offender.

22. Offender Gee has failed to submit any grievances. This failure to submit did not afford a greater authority the opportunity to review his allegations as part of the grievance procedure and fashion a remedy to any alleged complaint.

23. Because of Gee's failure to file a grievance, Gee failed to exhaust his available administrative remedies in accordance with the IDOC's procedures before filing this lawsuit.

24. Had Offender Gee completed the grievance process, the IDOC would have fully investigated his grievance and provided a response to any grievances.

25. Had his grievance been determined to be founded, some remedy could have been offered to Offender Gee.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**EXECUTED ON THE 18TH DAY OF AUGUST 2016.**

Vickie L. Long

Vickie Long, ISP
Offender Grievance Specialist