UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NYKAZA GEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:15-CV-452 RM |
| vs. | ) |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, et al. | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Nykaza Gee, a *pro se* prisoner, was granted leave to proceed on Eighth Amendment claims that he was sexually assaulted by Officer Eric Parrish, Sergeant Ken Young, and numerous other unidentified inmates on November 10, 2014, at the Indiana State Prison. The defendants move for summary judgment, arguing that Mr. Gee failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). (DE 22.)

Mr. Gee was provided with a "Notice of Summary Judgment Motion" as required by N.D. Ind. L.R. 56-1, along with a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE 26.) That notice informed him that unless he disputed the facts the defendant presented, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a)

-1-

("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Despite being given proper notice of the motion for summary judgment, Mr. Gee hasn't responded. Under N.D. IND. LOCAL RULE 7-1(d)(4), a party's failure to file a response within the time prescribed subjects the motion to summary rulingm but "does not mean that a party's failure to submit a timely filing automatically results in summary judgment for the opposing party." Wienco, Inc. v. Katahn Assoc., Inc., 965 F.2d 565, 568 (7th Cir. 1992). The court still must make the finding that "given the undisputed facts, summary judgment is proper as a matter of law." Id.

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

Under the Prison Litigation Reform Act. prisoners can't bring an action in federal

court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). The court of appeals has taken a "strict compliance approach to exhaustion." Id. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." Id. at 1023.

An inmate grievance process was in place while Mr. Gee was housed at the Indiana State Prison. The grievance process has three steps: (1) an informal attempt to solve a problem; (2) submission of a written grievance; and (3) a written appeal. The process begins with the inmate trying to resolve the matter informally with staff. If the issue can't be resolved informally, the inmate must file a formal grievance within 20 working days of the underlying incident. If the formal grievance isn't resolved to the inmate's satisfaction, he must file an appeal of the grievance response. While housed at the State Prison, Mr. Gee didn't submit any grievance about the allegations for which he was granted leave to proceed.

The undisputed facts show that State Prison had a grievance process in place at the time of the alleged sexual assaults, but Mr. Gee didn't submit any grievance related to them. Accordingly, Mr. Gee didn't fully exhaust his administrative remedies before bringing this lawsuit, see Pozo v. McCaughtry, 286 F.3d at 1025, and the case must be

dismissed pursuant to 42 U.S.C. § 1997e(a). It isn't clear that Mr. Gee still has the ability to exhaust but, because the IDOC could allow him to cure his omission, the dismissal will be without prejudice. <u>Ford v. Johnson</u>, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these, the motion for summary judgment (DE 22) is GRANTED and this case is DISMISSED without prejudice pursuant to 42 U.S.C. § 1997e(a).

SO ORDERED.

ENTERED: October 14, 2016.  /s/ Robert L. Miller, Jr.
Judge
United States District Court